**Rex L. JOHNSON, Jr., Appellant,**

**v.**

**Ruth DAVIS, Administratrix of the Estate of Charlotte Amelia Bickel, a/k/a Lottie Bickel, Appellee.**

Court of Appeals of Kentucky.

Dec. 6, 1974.

Francis E. Bauman, Clifford T. Coomes, Louisville, for appellant.

Philip L. Grauman, Louisville, for appellee.

C. WARREN EATON, Special Commissioner.

Mrs. Lottie Bickel, an invalid, lived in an old house in the City of Louisville. It appears from the evidence that rooms in this house were rented for prostitution and that liquor was sold illegally. Howard Tingle, a city policeman and friend of Lottie's, some time in 1965 or 1966, the date not being fixed with any degree of certainty, suggested to Rex L. Johnson, Jr., apparently an alcoholic who had no means of support, that he talk with Mrs. Bickel, which Johnson agreed to do and subsequently did. Thereafter Johnson stayed on with Mrs. Bickel at her house running her errands, feeding her, giving her medicine and performing various other tasks, but primarily his duties were renting rooms for prostitution and illegally selling liquor.

This continued to the date of her death on December 29, 1970.

Mrs. Ruth Davis, Mrs. Bickel's niece, qualified as administratrix of her estate. Rex L. Johnson, Jr., filed a claim against the estate with a supporting affidavit of Sgt. Howard Tingle. The claim was for $13,500 for personal service based on 270 weeks at $50.00 per week from October 20, 1965, to decedent's death. The claim was disallowed by the administratrix. Johnson then filed his action to recover on his claim in the Jefferson Circuit Court and both sides agreed that the circuit court hear and decide the issue.

Depositions of both Rex Johnson, Jr., and Howard Tingle were taken. The fact that Johnson did on some date go to live with Mrs. Bickel and that he performed services enumerated above were shown. It was also proved that he received free room and board, some clothes, laundry service, occasional pocket money, and apparently a satisfactory quantity of alcoholic beverages. The pocket money received by Johnson amounted to ten or fifteen dollars weekly. As to an agreement to pay him a weekly salary of $50.00 (apparently in addition to the benefits actually received), the only proof was the testimony of Johnson, who stated unequivocally that no one else had any knowledge of the alleged agreement. The affidavit of Tingle did not refer to an agreement and in his deposition he testified that he knew of none.

Judgment was entered in favor of the administratrix on her motion for summary judgment, the court holding that the only proof of an agreement consisted of the alleged statements between Johnson and the deceased, which evidence was barred by KRS 421.210, the dead man's statute. We agree.

The statute prohibits plaintiff from testifying as to conversations with the deceased. Johnson testified that no person other than himself knew of the alleged ar-

rangement for compensation he had with Mrs. Bickel. Since the action is predicated on the existence of a contract he cannot prove by competent evidence, the summary judgment of dismissal was proper.

The judgment is affirmed.

All concur.